CRAFT *v.* CRAFT.

1. DIVORCE—REOPENING CASE—NOTICE—CONTINUANCE.
    Permitting defendant wife to reopen divorce case without proper notice and after plaintiff had put in his proofs and a decree had been ordered granting divorce to him was not reversible error where plaintiff's counsel was present at the time defendant appeared and testified and did not ask for a continuance.

2. SAME—GREAT WEIGHT OF EVIDENCE.
    Decree denying husband divorce would not be reversed as against the great weight of the evidence where, although he had made out a *prima facie* case and trial court had ordered

decree granted him and defendant wife's testimony, given when proofs were reopened, was so irrational and incoherent that it did not possess much value as evidence, trial judge had the advantage of seeing and hearing the witnesses.

3. SAME—COSTS—BRIEFS.

No costs are allowed defendant wife on plaintiff husband's appeal in suit for divorce where she filed no brief.

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 3, 1942. (Docket No. 23, Calendar No. 41,924.) Decided July 1, 1942.

Bill by Sylvester Craft against Beatrice Craft for an absolute divorce. Bill dismissed. Plaintiff appeals. Affirmed.

*Lewis, Rowlette & Brown,* for plaintiff.

BUSHNELL, J. Plaintiff Sylvester Craft filed a bill of complaint seeking a decree of divorce. A summons was issued and served and defendant Beatrice Craft entered her appearance. Upon her failure to file an answer, a default was entered and an order *pro confesso* filed. About six months later, defendant filed an answer and her default was set aside. An order was subsequently entered for temporary alimony.

Almost a year and a half after the answer was filed the cause came on for trial. Plaintiff put in his proofs and counsel for defendant informed the court that his client refused to appear. Defendant's counsel cross-examined plaintiff's witnesses and at the conclusion of the testimony the court informed plaintiff's counsel that he might submit a decree the next morning. Some time later, upon a date not disclosed by the record, the defendant ap-

peared and testified in her own behalf. After hearing her testimony the court said:

"*The Court:* I am impressed that there is no very good reason for granting a divorce in this case.

" (Then followed discussion off the record)

"*The Court:* The plaintiff's testimony was not very strong. It is about what is usually put in on *pro confesso* cases, which is, in most instances, just an excuse. At that time I indicated that a decree would be granted, because I understood at the time that there probably was no defense, and that the wife hadn't any objections, but she has since come in and made her objections and has talked voluminously. I think I will dismiss the bill of complaint. You may prepare an order dismissing the bill of complaint in this case without costs."

Plaintiff appeals from the decree dismissing his bill of complaint. He claims that the court erred in permitting defendant to reopen the case without proper notice after the proofs had been taken and a decree ordered, and that the decree is against the great weight of the evidence. He argues that the court erred in law and in fact in not granting the decree as originally ordered.

There is no merit to the first claim of error because plaintiff's counsel was present when the defendant testified and did not ask for a continuance.

Plaintiff's proofs consisted of his own testimony which was corroborated by two other witnesses. Although plaintiff made out a *prima facie* case for divorce and defendant's testimony is so irrational and incoherent that it cannot be said to possess much value as evidence, nevertheless on this record we are reluctant to reverse the decision of the trial judge who has had the advantage of seeing and hearing the witnesses.

The decree is affirmed. Defendant not having filed a brief, no costs will be allowed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.